IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALTON GAGE HILL, Administrator and Personal Representative of the Estate of Jeffery Allen Hill, deceased, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-24-1298-D |
| OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff brought this civil rights action under 42 U.S.C. § 1983, alleging violations of Jeffery Allen Hill's constitutional rights [Am. Compl, Doc. No. 53]. Plaintiff filed suit against several defendants, to include the Board of County Commissioners of Oklahoma County (the Board); Brandi Garner, in her official capacity as Chief Executive Officer of the Oklahoma County Detention Center; the Oklahoma County Criminal Justice Authority (OCCJA); and the Oklahoma County Detention Center (OCDC). The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

On April 17, 2025, motions to dismiss were filed by the Board [Doc. No. 54], the OCCJA and Ms. Garner [Doc. No. 55], and the OCDC [Doc. No. 56].[1] Plaintiff's response

---

[1] The remaining defendants also filed motions to dismiss [Doc. Nos. 61-67, 69], which remain pending.

deadline was May 8, 2025.

On May 9, 2025, Plaintiff filed responses to the three motions to dismiss, which were stricken as untimely [Doc. No. 76]. The same day, the magistrate judge ordered Plaintiff to show cause why the Court should not deem the three motions to dismiss confessed. In that Order [Doc. No. 75], the magistrate judge explained that a court may extend a filing deadline after the time has expired if the court finds good cause and excusable neglect, which does not include calendaring errors. *See* FED. R. CIV. P. 6(b)(1)(B); *see also Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) ("The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect.").

Plaintiff timely responded to the magistrate judge's show cause Order [Doc. No. 77], although the Court notes that the pages of Plaintiff's response were filed out of order. In Plaintiff's response, Plaintiff's counsel alleged that the response deadlines were missed due to a calendaring error. Plaintiff's counsel further represented to the Court that he was "prepared to file responses to the motions without further delay." [Doc. No. 77, at 2].

Upon review of Plaintiff's response, the magistrate judge declined to deem the three motions to dismiss confessed and directed Plaintiff to file responses to the motions on or before May 21, 2025 [Doc. No. 86]. In that Order, the magistrate judge noted that Plaintiff's counsel had failed to show good cause or excusable neglect, but that there had not been a significant risk of prejudice to Defendants or a lengthy delay of judicial proceedings. Although the magistrate judge permitted Plaintiff to file the responses out of time, she

"emphasize[d] that this will be Plaintiff's only exception for untimeliness. Any future untimely pleadings will be summarily stricken without exception." [Doc. No. 86, at 2].[2]

Plaintiff failed to file the responses before the extended deadline of May 21, 2025. On May 22, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 98], in which she recommends that the Court deem Defendants' motions to dismiss [Doc. Nos. 54, 55, 56] confessed, and dismiss the Board, Ms. Garner, the OCCJA, and the OCDC from this action.

Plaintiff filed a timely Objection to the Report and Recommendation [Doc. No. 101], and then re-filed the Objection [Doc. No. 107] five days later, without seeking leave of Court to do so. In his Objection, Plaintiff maintains that his prior failures to comply with deadlines were the result of excusable neglect. Specifically, Plaintiff's counsel represents that his legal secretary "charged with filing motions as directed by counsel … misrepresent[ed] that the responses … had been refiled on 5/20/2025." [Doc. No. 107, at 2]. Plaintiff's counsel further states that he "missed multiple deadlines due to staff's false assurances that responses had been refiled when, in fact, they had not been." *Id.* Finally, Plaintiff's counsel asserts that remedial measures have been taken by removing the legal secretary from this case and by hiring a "second-year law student proficient in Pacer filings and deadlines to serve as a 'federal liaison.'" *Id.* at 5.

---

[2] The magistrate judge had also stricken Plaintiff's responses to several other motions to dismiss because Plaintiff's counsel had mistakenly filed copies of the motions to dismiss instead of Plaintiff's responses. [Doc. No. 87].

First, the Court notes that Plaintiff's counsel's conduct has been deeply troubling thus far. As stated above, Plaintiff's counsel has missed filing deadlines, failed to comply with Court Orders, and filed copies of Defendants' motions to dismiss instead of Plaintiff's responses thereto, all of which suggest a lack of due care. Of the few instances in which Plaintiff has timely filed a proper document, Plaintiff's filings are riddled with extreme formatting issues or the pages are submitted out of order. And, perhaps more troubling, Plaintiff's counsel seems to attribute these serious failures to his staff. To be clear, it is Plaintiff's counsel's responsibility to stay on top of case deadlines and ensure that documents are timely filed. Even if Plaintiff's counsel is dealing with staff issues, there is simply no excuse for Plaintiff's counsel's repeated failures to confirm that filing deadlines are being met in this case. The Court is also concerned that Plaintiff's counsel may continue to pass on this responsibility to others, given counsel's assertion that he has taken remedial action by hiring a second-year law student to serve as a "federal liaison."

This Court's local rules permit the Court to exercise its discretion and deem the unopposed motions to dismiss confessed. *See* LCvR7.1(g). The Tenth Circuit has indicated, however, that before exercising such discretion, a district court should consider three factors: "(1) the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant," and should weigh these factors against "the judicial system's strong predisposition to resolve cases on their merits." *Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998).

For the reasons stated in the Report and Recommendation [Doc. No. 98], the Court agrees with the magistrate judge that Plaintiff should not be permitted to file responses to

4

Defendants' motions to dismiss [Doc. Nos. 54, 55, 56], and the motions should be deemed confessed pursuant to LCvR7.1(g). Plaintiff has repeatedly failed to comply with Court Orders and has interfered with the judicial process by needlessly delaying this litigation and wasting judicial resources. However, due to the strong predisposition to resolve cases on their merits, the Court will re-refer Defendants' motions to dismiss [Doc. Nos. 54, 55, 56] to the magistrate judge to recommend a decision on the merits, without considering Plaintiff's responses. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 98] is **ADOPTED IN PART**. For the reasons stated therein, Plaintiff will not be permitted to file responses to Defendants' motions to dismiss [Doc. Nos. 54, 55, 56]. Defendants' motions to dismiss [Doc. Nos. 54, 55, 56] are **RE-REFERRED** to the magistrate judge as set forth herein.

**IT IS SO ORDERED** this 9th day of June, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge