IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALTON GAGE HILL, Administrator and Personal Representative of the Estate of Jeffery Allen Hill, deceased,<br><br>      Plaintiff,<br><br>v.<br><br>OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al.,<br><br>      Defendants. | Case No. CIV-24-1298-D |

## **ORDER**

Plaintiff brought this civil rights action under 42 U.S.C. § 1983, alleging violations of Jeffery Allen Hill's constitutional rights [Am. Compl, Doc. No. 53]. Plaintiff filed suit against several defendants, to include Sarah Chance, Rachel Levingston, Denise Kovach, Sandi Zoski, and Christy Thompson (the Nurse Defendants). The Nurse Defendants filed a Motion to Dismiss [Doc. No. 67], to which Plaintiff responded [Doc. No. 95], and the Nurse Defendants replied [Doc. No. 102]. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

On July 8, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 116], in which she recommends that the Nurse Defendants' Motion to Dismiss [Doc. No. 67] be granted.

1

In her report, the magistrate judge provided the following factual background from Plaintiff's Amended Complaint [Doc. No. 53]:

> Mr. Hill pleaded guilty in Oklahoma County District Court to leaving the scene of a fatal accident and driving a vehicle without a valid driver's license, Doc. 53, at 6. In January 2024, the state district court sentenced him to a term of life in the Oklahoma Department of Corrections, but he remained housed at the Oklahoma County Detention Center after his plea. *Id.*
>
> From January 9th through the 13th, Mr. Hill had notified two separate John Doe Deputies about his 'severe toothache' pain. *Id.* 'John Doe #2 … relayed the information to [Defendant] Logan' 'on January 12, 2024, and January 13, 2024.' *Id.* On January 18th, Mr. Hill complained to jail medical staff about the pain in his 'back right wisdom tooth.' *Id.* That day, Nurses Rachel Levingston and/or Christy Thompson scheduled Mr. Hill to see a dentist on January 19, but the dentist was not in that day. *Id.*
>
> 'On January 18, 2024, Dr. Winchester rescheduled the dental appointment after Mr. Hill complained of wisdom tooth pain.' *Id.* Dr. Winchester prescribed five hundred milligrams of penicillin to be taken 'twice daily for ten (10) days' with one refill for Mr. Hill's complaints of wisdom tooth pain. *Id.* Mr. Hill's medical file showed he was allergic to penicillin. *Id.* at 8.
>
> On January 19, Mr. Hill called his son and complained about his tooth pain. *Id.* at 6. Mr. Hill also voiced his complaint to Deputy John Doe #2. *Id.* Mr. Hill was 'moaning and grumbling to himself' for days in his cell and 'stopped eating food' for 'at least a week before his death.' *Id.* at 7.
>
> Three days later, 'Mr. Hill was found in severe pain and unresponsive by a detention officer in his cell.' *Id.* at 6. EMSA then transferred him to St. Anthony's Hospital. *Id.*
>
> The next day, Mr. Hill had emergency surgery and was 'placed on a ventilator through a tracheotomy.' *Id.* Nurse Denise Kovach reported Mr. Hill could not swallow because of swelling of his neck and mouth. *Id.*

> Terry Deason, DDS, examined Mr. Hill, noted his severe reaction to penicillin, and noted Mr. Hill 'had to be hospitalized and while there, had his wisdom tooth removed.' *Id.* at 7. No one had extracted Mr. Hill's tooth, however. *Id.*
>
> On January 29, Mr. Hill became septic with multi-organ failure, and died the following day. *Id.*

[Doc. No. 116, at 2-3].

Plaintiff timely filed an Objection [Doc. No. 120]. First, Plaintiff argues that his allegation that "Nurse Kovach reported Mr. Hill was unable to swallow due to swelling in his neck and mouth" supports a finding of deliberate indifference. Plaintiff asserts that "this observation should have prompted immediate escalation of care or emergency medical intervention, especially where Mr. Hill was already visibly deteriorating and in obvious pain." *Id.* at 2. However, as noted by the magistrate judge, "[a] nurse fulfills the gatekeeping role by promptly and accurately reporting an inmate's serious symptoms to a physician and following the physician's instructions." *Buchanan v. Turn Key Health Clinics, LLC*, 2023 WL 6997404, at *5 (10th Cir. 2023) (unpublished).[1] Further, it is clear from Plaintiff's amended complaint that Nurse Kovach reported Mr. Hill's inability to swallow the day after Mr. Hill "had emergency surgery to be placed on a ventilator through a tracheotomy for an allergic reaction to Penicillin." [Doc. No. 53, at ¶ 33]. Plaintiff's allegation that Nurse Kovach accurately reported Mr. Hill's inability to swallow while on a ventilator does not state a plausible § 1983 claim against Nurse Kovach.

---

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

Next, Plaintiff objects to the magistrate judge's conclusion that Plaintiff has not demonstrated deliberate indifference as to Nurse Levingston and Nurse Thompson. In Plaintiff's amended complaint, he alleges:

> On January 18, 2024, Mr. Hill complained to Turn Key staff about pain in his back right wisdom tooth and reported it's 'sawn in half.' On January 18, 2024, Rachel Levingston and/or Christy Thompson scheduled Mr. Hill to be examined by a dentist on January 19, 2024 which was a day when the dentist was not present.

[Doc. No. 53, at ¶ 30]. Plaintiff contends that this scheduling error constitutes Nurse Levingston's and Nurse Thompson's deliberate indifference to Mr. Hill's serious medical need. However, the Court agrees with the magistrate judge that this allegation does not show that either defendant consciously disregarded a substantial risk to Mr. Hill's health or safety. Without any allegation that Nurse Levingston or Nurse Thompson knew that the dentist would not be available for the scheduled appointment, Plaintiff's allegation suggests only that Nurse Levingston and/or Nurse Thompson promptly scheduled medical care for Mr. Hill for the following day.[2]

With respect to all Nurse Defendants, Plaintiff alleges that "[o]n information and belief, during the month of January the five (5) Nurse Defendants had contact with Mr. Hill and witnessed his obvious pain and discomfort due to his swollen neck and jaw but failed to alert their supervisors of Mr. Hill's deteriorating condition." [Doc. No. 53, at ¶ 99]. In

---

[2] For the first time, Plaintiff alleges in his objection that Nurse Levingston and Nurse Thompson also "failed to intervene when penicillin was prescribed to Mr. Hill despite a documented allergy." [Doc. No. 120, at 2]. However, no such allegation is made in Plaintiff's Amended Complaint [Doc. No. 53].

4

her report, the magistrate judge determined that Plaintiff's sole allegation aimed at the collective Nurse Defendants does not comport with FED. R. CIV. P. 8(a). The Court agrees. Although Rule 8 does not require "detailed factual allegations," Plaintiff's amended complaint simply does not include facts sufficient to provide each Nurse Defendant with fair notice of Plaintiff's claims. *See Eaves v. Kory*, 2024 WL 2764136, at *2 (10th Cir. 2024) (unpublished) (affirming dismissal for failure to comply with Rule 8 where "the bulk of [the plaintiff's] complaint alleges actions taken by groups of defendants without specifying each defendant's personal role in the alleged constitutional deprivation.").

Finally, the magistrate judge concluded in her report that Plaintiff had not alleged state-law claims or claims under the Oklahoma Constitution against the Nurse Defendants, and Plaintiff did not object to the magistrate judge's conclusion.

For these reasons, the Court **ADOPTS** the Report and Recommendation [Doc. No. 116] in its entirety, and the Nurse Defendants' Motion to Dismiss [Doc. No. 67] is **GRANTED**.

**IT IS SO ORDERED** this 28th day of July, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge