# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DALTON GAGE HILL, Administrator and Personal Representative of the Estate of Jeffery Allen Hill, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-24-1298-D |
| OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff brought this civil rights action under 42 U.S.C. § 1983, alleging violations of Jeffery Allen Hill's constitutional rights [Am. Compl., Doc. No. 53]. Plaintiff filed suit against several defendants, to include the Board of County Commissioners of Oklahoma County (BOCC).

BOCC filed a Motion to Dismiss [Doc. No. 54]. Plaintiff's response [Doc. No. 72] was stricken as untimely [Doc. No. 76]. The magistrate judge issued a show-cause Order [Doc. No. 75], directing Plaintiff to show cause why BOCC's motion to dismiss should not be deemed confessed based on Plaintiff's lack of response. Following Plaintiff's response [Doc. No. 77], the magistrate judge ordered Plaintiff to respond to BOCC's motion on or before May 21, 2025 [Doc. No. 86], which Plaintiff failed to do. The magistrate judge then issued a Report and Recommendation [Doc. No. 98], recommending that the Court deem as confessed BOCC's motion and dismiss Plaintiff's claims against BOCC. The Court adopted in part the magistrate judge's report, agreeing that Plaintiff should not be permitted

to file a response to BOCC's motion to dismiss, but re-referring BOCC's motion to the magistrate judge for consideration on the merits [Doc. No. 109].

On July 23, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 121], in which she recommends that BOCC's Motion to Dismiss [Doc. No. 54] be granted. In her report, the magistrate judge provided the following factual background from Plaintiff's Amended Complaint [Doc. No. 53]:

> Mr. Hill pleaded guilty in Oklahoma County District Court to leaving the scene of a fatal accident and driving a vehicle without a valid driver's license, Doc. 53, at 6. In January 2024, the state district court sentenced him to a term of life in the Oklahoma Department of Corrections, but he remained housed at the Oklahoma County Detention Center after his plea. *Id.*
>
> From January 9th through the 13th, Mr. Hill had notified two separate John Doe Deputies about his 'severe toothache' pain. *Id.* 'John Doe #2 … relayed the information to [Defendant] Logan' 'on January 12, 2024, and January 13, 2024.' *Id.* On January 18th, Mr. Hill complained to jail medical staff about the pain in his 'back right wisdom tooth.' *Id.* That day, Nurses Rachel Levingston and/or Christy Thompson scheduled Mr. Hill to see a dentist on January 19, but the dentist was not in that day. *Id.*
>
> 'On January 18, 2024, Dr. Winchester rescheduled the dental appointment after Mr. Hill complained of wisdom tooth pain.' *Id.* Dr. Winchester prescribed five hundred milligrams of penicillin to be taken 'twice daily for ten (10) days' with one refill for Mr. Hill's complaints of wisdom tooth pain. *Id.* Mr. Hill's medical file showed he was allergic to penicillin. *Id.* at 8.
>
> On January 19, Mr. Hill called his son and complained about his tooth pain. *Id.* at 6. Mr. Hill also voiced his complaint to Deputy John Doe #2. *Id.* Mr. Hill was 'moaning and grumbling to himself' for days in his cell and 'stopped eating food' for 'at least a week before his death.' *Id.* at 7.
>
> Three days later, 'Mr. Hill was found in severe pain and unresponsive by a detention officer in his cell.' *Id.* at 6. EMSA then transferred him to St. Anthony's Hospital. *Id.*

> The next day, Mr. Hill had emergency surgery and was 'placed on a ventilator through a tracheotomy.' *Id.* Nurse Denise Kovach reported Mr. Hill could not swallow because of swelling of his neck and mouth. *Id.*
>
> Terry Deason, DDS, examined Mr. Hill, noted his severe reaction to penicillin, and noted Mr. Hill 'had to be hospitalized and while there, had his wisdom tooth removed.' *Id.* at 7. No one had extracted Mr. Hill's tooth, however. *Id.*
>
> On January 29, Mr. Hill became septic with multi-organ failure, and died the following day. *Id.*

[Doc. No. 121, at 2-3].

BOCC is a county, which implicates municipal liability. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).[1] To state a § 1983 claim against BOCC, Plaintiff must allege (1) the existence of a BOCC policy or custom, (2) a direct causal link between BOCC's policy or custom and a constitutional injury, and (3) that BOCC acted with deliberate indifference. *See Prince v. Sheriff of Carter Cnty.*, 28 F.4th 1033, 1049 (10th Cir. 2022). In recommending that BOCC's motion to dismiss be granted, the magistrate judge determined that Plaintiff's Amended Complaint did not sufficiently allege the existence of a BOCC policy or custom, or that any BOCC policy was causally linked to violations of Mr. Hill's constitutional rights. [Doc. No. 121, at 6-7]. The magistrate judge further concluded that Plaintiff had not raised state-law tort claims or claims under the Oklahoma Constitution against BOCC. [Doc. No. 121, at 8].

Plaintiff timely filed an Objection [Doc. No. 129]. First, Plaintiff maintains that he is not required "to identify specific policies or confine allegations to one defendant at the

---

[1] *See also Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) (applying *Monell* to a county).

pleading stage." *Id.* at 3. To establish *Monell* liability for a particular defendant, Plaintiff must first identify a policy or custom of that defendant. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (quoting *Monell*, 436 U.S. at 691-92). Although the Amended Complaint references "[c]ounty policies and/or customs," these were either alleged against all defendants generally or against other defendants, not BOCC. [Doc. No. 53, at 8]. *See Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) ("[I]t is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.").

Upon review of the Amended Complaint, the Court agrees with the magistrate judge's conclusion that Plaintiff failed to specifically allege the existence of a pertinent BOCC policy. Further, the allegations asserted against other defendants do not state a plausible § 1983 claim against BOCC.[2]

---

[2] In his Objection, Plaintiff appears to allege that anytime he states claims against OCCJA, it is sufficient to allege those same claims against BOCC. He asserts that the policies alleged against OCCJA are impliedly alleged against BOCC because "BOCC funds and oversees OCCJA," and the "BOCC approved and funded [the OCCJA's] policies, making BOCC liable." [Doc. No. 129, at 5]. However, Plaintiff cites to no authority for the proposition that BOCC is somehow impliedly liable based on allegations of municipal liability against the OCCJA. Throughout Plaintiff's response, he combines the OCCJA and BOCC, but the policies identified in Plaintiff's Amended Complaint are alleged as those of the OCCJA or Jail Administrators (Brandi Garner), not BOCC. Merely treating the OCCJA and BOCC as one party is insufficient to state a claim against BOCC. Although the County's creation of the OCCJA in "no way guarantees immunity to [Oklahoma] County," Plaintiff must still sufficiently allege a claim against BOCC. Upon consideration of Plaintiff's Amended Complaint, he has failed to do so. *Chichakli v. Samuels*, Case No. CIV-15-687-D, 2016 WL 2743542, at *4 (W.D. Okla. May 11, 2016).

Even if Plaintiff had plausibly alleged a BOCC policy, the magistrate judge further determined that Plaintiff failed to establish a causal connection between the policy and the violation of Mr. Hill's constitutional rights. Plaintiff disagrees with the magistrate judge's conclusion that he failed to establish a causal link between BOCC's actions and Mr. Hill's injuries. *Id.* at 3-4. In his Objection, Plaintiff asserts that "BOCC's failure to fund and supervise the jail's medical operations resulted in the absence of dental services, the prescribing of contraindicated medication, and delayed hospital transfer," ultimately resulting in Mr. Hill's death. [Doc. No. 129, at 3-4]. This, however, is insufficient to allege the "direct causal link" between a BOCC policy or custom and a constitutional injury for purposes of alleging municipal liability.

Plaintiff maintains that his allegations of "systemic failings" are sufficient to support a finding of municipal liability against BOCC. *Id.* at 2-3. Courts have held that a systemic failure can serve as the underlying constitutional violation for purposes of *Monell* liability. *See Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1144 (10th Cir. 2023) ("[I]t was error for the district court to not consider a systemic failure as the underlying constitutional violation."). Although Plaintiff repeatedly claims the existence of "systemic failures" in his objection [Doc. No. 129, at 2-4], his Amended Complaint fails to articulate facts sufficient to allege a systemic failure on behalf of BOCC. Further, Plaintiff points to no facts to support his claim of BOCC's systemic failures in his Objection.

For these reasons, the Court **ADOPTS** the Report and Recommendation [Doc. No. 121] in its entirety, and BOCC's Motion to Dismiss [Doc. No. 54] is **GRANTED**.

Plaintiff's claims against BOCC are **DISMISSED WITHOUT PREJUDICE**, but without leave to amend.[3]

  **IT IS SO ORDERED** this 3rd day of December, 2025.

            _____
            TIMOTHY D. DeGIUSTI
            Chief United States District Judge

---

[3] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortg. Elec. Regis. Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013). A district court may properly require a plaintiff to file a motion that complies with FED. R. CIV. P. 15(a) and LCvR15.1 before considering whether to allow an amendment. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021); *see also Hall v. Witteman,* 584 F.3d 859, 868 (10th Cir. 2009) (finding that plaintiff "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment").