# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALTON GAGE HILL, Administrator and Personal Representative of the Estate of Jeffery Allen Hill, deceased,<br><br>      Plaintiff,<br><br>v.<br><br>OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al.,<br><br>      Defendants. | Case No. CIV-24-1298-D |

## ORDER

Plaintiff brought this civil rights action under 42 U.S.C. § 1983, alleging violations of Jeffery Allen Hill's constitutional rights [Am. Compl, Doc. No. 53]. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

The magistrate judge ordered Plaintiff's counsel, Michael McBride, to show cause as to why he should not be sanctioned under Rule 11 and the Court's inherent authority for citing non-existent cases [Doc. No. 126]. Before the Court is the magistrate judge's Report and Recommendation [Doc. No. 134], in which the magistrate judge recommends that the Court sanction Mr. McBride as set forth below.

As noted in her Report, the magistrate judge directed Plaintiff and Mr. McBride to appear before the Court on September 3, 2025. *Id.* at 3. At that hearing, Mr. McBride "confirmed that he used Chat GPT to draft his response to Defendant Logan's motion." *Id.*

1

at 5. The magistrate judge noted that "[c]onsistent with his prior interactions with the Court," Mr. McBride "deflected responsibility" and "attributed the erroneous citations to errors by his legal staff." *Id.* The magistrate judge further highlighted what the undersigned previously described as a pattern of "deeply troubling" conduct by Mr. McBride, to include repeatedly missing filing deadlines, repeatedly filing copies of Defendants' motions instead of Plaintiff's responses thereto, and a general lack of care. *Id.* at 3-5.

In her Report, the magistrate judge found that "[d]espite this case's history of pitfalls and myriad of filing issues, Mr. McBride appeared unconcerned with the repeated filings of 'rough' drafts, citations to non-existent cases, and how his use of artificial intelligence (AI)-generated arguments and citations negatively impacts the integrity of his legal practice and the judicial system." *Id.* at 6.

For these reasons, the magistrate judge recommends that the Court:

(1) direct Mr. McBride to pay Defendants' reasonable attorneys' fees and costs incurred for attending the hearing;

(2) require Mr. McBride to disclose in all future pleadings whether generative AI was used, the specific AI tool that was used, and certify in the document that *he* has checked the accuracy of any portion of the document drafted by generative AI, including all citations and legal authority;

(3) require Mr. McBride to complete a minimum of three hours of Continuing Legal Education in ethics or legal technology, including at least one hour on the use of generative AI in the legal context, within 60 days of this Order, with proof of compliance filed on the docket; and

(4) impose any other sanctions that the Court deems proper.

*Id.* at 9. In her Report, the magistrate judge notified Plaintiff and his counsel of their right to file an objection to the report, and that the failure to object waives Plaintiff's right to appellate review of both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Upon review of the file and noting no timely objection to the findings and recommendations of the magistrate judge, the Court **ADOPTS** the Report and Recommendation [Doc. No. 134] in its entirety. **IT IS THEREFORE ORDERED** that Mr. McBride:

(1) shall pay Defendants' reasonable attorneys' fees and costs incurred for attending the hearing;

(2) shall disclose in all future pleadings whether generative AI was used, the specific AI tool that was used, and shall certify in the document that *he* has checked the accuracy of any portion of the document drafted by generative AI, including all citations and legal authority; and

(3) shall complete a minimum of three hours of Continuing Legal Education in ethics or legal technology, including at least one hour on the use of generative AI in the legal context, within 90 days[1] of this Order, with proof of compliance filed in the Court record.[2]

---

[1] The Court increases this time period to 90 days to allow Mr. McBride reasonable time to locate and attend applicable CLE programs

[2] Should Mr. McBride cite to non-existent, AI-generated cases in the future, the Court will not hesitate to impose additional sanctions.

**IT IS SO ORDERED** this 4th day of December, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge