IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALTON GAGE HILL, Administrator and Personal Representative of the Estate of Jeffery Allen Hill, deceased, <br><br> Plaintiff, <br><br> v. <br><br> OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-24-1298-D |

## **ORDER**

Plaintiff brought this civil rights action under 42 U.S.C. § 1983, alleging violations of Jeffery Allen Hill's constitutional rights [Am. Compl., Doc. No. 53]. Plaintiff filed suit against several defendants, to include Major Bradley Logan, in his individual capacity. Defendant Logan filed a Motion to Dismiss [Doc. No. 69]. Plaintiff filed a response [Doc. No. 135], and Defendant Logan filed a reply [Doc. No. 137]. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

The magistrate judge issued a Report and Recommendation [Doc. No. 139], in which she recommends that Defendant Logan's Motion to Dismiss [Doc. No. 69] be granted in part and denied in part. In her report, the magistrate judge provided the following factual background from Plaintiff's Amended Complaint [Doc. No. 53]:

> Mr. Hill pleaded guilty in Oklahoma County District Court to leaving the scene of a fatal accident and driving a vehicle

1

without a valid driver's license, Doc. 53, at 6. In January 2024, the state district court sentenced him to a term of life in the Oklahoma Department of Corrections, but he remained housed at the Oklahoma County Detention Center after his plea. *Id.*

From January 9th through the 13th, Mr. Hill had notified two separate John Doe Deputies about his 'severe toothache' pain. *Id.* 'John Doe #2 … relayed the information to [Defendant] Logan' 'on January 12, 2024, and January 13, 2024.' *Id.* On January 18th, Mr. Hill complained to jail medical staff about the pain in his 'back right wisdom tooth.' *Id.* That day, Nurses Rachel Levingston and/or Christy Thompson scheduled Mr. Hill to see a dentist on January 19, but the dentist was not in that day. *Id.*

'On January 18, 2024, Dr. Winchester rescheduled the dental appointment after Mr. Hill complained of wisdom tooth pain.' *Id.* Dr. Winchester prescribed five hundred milligrams of penicillin to be taken 'twice daily for ten (10) days' with one refill for Mr. Hill's complaints of wisdom tooth pain. *Id.* Mr. Hill's medical file showed he was allergic to penicillin. *Id.* at 8.

On January 19, Mr. Hill called his son and complained about his tooth pain. *Id.* at 6. Mr. Hill also voiced his complaint to Deputy John Doe #2. *Id.* Mr. Hill was 'moaning and grumbling to himself' for days in his cell and 'stopped eating food' for 'at least a week before his death.' *Id.* at 7.

Three days later, 'Mr. Hill was found in severe pain and unresponsive by a detention officer in his cell.' *Id.* at 6. EMSA then transferred him to St. Anthony's Hospital. *Id.*

The next day, Mr. Hill had emergency surgery and was 'placed on a ventilator through a tracheotomy.' *Id.* Nurse Denise Kovach reported Mr. Hill could not swallow because of swelling of his neck and mouth. *Id.*

Terry Deason, DDS, examined Mr. Hill, noted his severe reaction to penicillin, and noted Mr. Hill 'had to be hospitalized and while there, had his wisdom tooth removed.' *Id.* at 7. No one had extracted Mr. Hill's tooth, however. *Id.*

> On January 29, Mr. Hill became septic with multi-organ failure, and died the following day. *Id.*

[Doc. No. 139, at 2-3].

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In her report, the magistrate judge first concluded that Plaintiff's Amended Complaint sufficiently states a § 1983 claim against Defendant Logan based on his alleged deliberate indifference to Mr. Hill's serious medical needs. The magistrate judge further determined that Defendant Logan had not adequately presented the defense of qualified immunity. For these reasons, the magistrate judge recommended that the Court deny Defendant Logan's Motion to Dismiss [Doc. No. 69] as to the deliberate indifference claim. The Court also recommended that the Court grant Defendant Logan's motion as to Plaintiff's due process claim based on inhumane conditions of confinement.

In her report, the magistrate judge notified the parties of their right to object to the report, and that the failure to object waives the right to appellate review of both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Defendant Logan filed a timely Objection [Doc. No. 140]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). As

Plaintiff failed to file a timely objection, he has waived any objection to the magistrate judge's recommended dismissal of Plaintiff's claim against Defendant Logan based on inhumane conditions of confinement. That claim will be dismissed.

In his Objection [Doc. No. 140], Defendant Logan contends that he had no personal knowledge that Mr. Hill was not receiving adequate medical care. However, viewing the allegations of Plaintiff's Amended Complaint as true, Defendant Logan "had personal knowledge that Mr. Hill was not receiving proper medical treatment, was not eating, was immobile, and was in severe pain during his time at the Jail." [Doc. No. 53, at ¶ 42]. The Amended Complaint also alleges that "on January 12, 2024 and January 13, 2024, Mr. Hill complained about his [severe toothache] pain to Deputy John Doe #2 who relayed the information to [Defendant] Logan who in turn did nothing to assist Mr. Hill." *Id.* at ¶ 29. According to the Amended Complaint, Defendant Logan "failed to ensure that Mr. Hill received the medical care he … obviously and desperately needed." *Id.* at ¶ 43. Defendant Logan asserts that the Amended Complaint is devoid of "any factual enhancement" as to "how [Defendant] Logan acquired knowledge of Hill's medical treatment[,] how [Defendant] Logan knew that Hill was not eating, and how [Defendant] Logan knew that Hill was immobile." [Doc. No. 140, at 5]. But the Court agrees with the magistrate judge that the allegations of Plaintiff's Amended Complaint—taken as true—sufficiently allege that Defendant Logan had personal knowledge of Mr. Hill's serious medical needs.[1]

---

[1] Based on the same allegations, the Court disagrees with Defendant Logan's assertion that Plaintiff's claim against him is based solely on his supervisory role over other deputies. The Court

Defendant Logan also contends that Plaintiff's Amended Complaint fails to allege both the objective and subjective components of a deliberate indifference claim. First, "[t]he objective component of deliberate indifference is met if the 'harm suffered rises to a level of "sufficiently serious" to be cognizable under the Cruel and Unusual Punishment Clause.'" *Burke v. Regalado*, 935 F.3d 960, 992 (10th Cir. 2019) (citation omitted). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition 'has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Hardy v. Rabie*, 147 F.4th 1156, 1164 (10th Cir. 2025) (citation omitted). Where a plaintiff alleges that he was harmed by a delay in medical treatment, the objective component of harm "can be satisfied merely by 'an intermediate injury, such as the pain experienced while waiting for treatment and analgesics.'" *Hardy*, 147 F.4th at 1164 (citation omitted).

Upon review of Plaintiff's Amended Complaint, the Court finds the objective component met. Defendant Logan attempts to minimize the objective harm as a "complaint of [a] toothache." [Doc. No. 140, at 11]. However, the Amended Complaint alleges that Mr. Hill told deputies about "severe toothache" pain and "difficulty eating" on January 9 and 10, 2024, and again on January 12 and 13, 2024, when the information was then allegedly relayed to Defendant Logan. [Doc. No. 53, at ¶¶ 27-29]. Days later, Mr. Hill continued to complain about "pain in his back right wisdom tooth," which he

---

finds that Plaintiff's Amended Complaint has sufficiently pled personal participation by Defendant Logan for purposes of Rule 12(b)(6).

reported was "sawn in half" on January 18, 2024. *Id.* at ¶ 30. Plaintiff further alleges that "[a]fter a full week of complaining about his tooth, Mr. Hill was found in severe pain and unresponsive by a detention officer in his cell and was transferred … to St. Anthony's Hospital on January 22, 2024." *Id.* at ¶ 32. "[A]t least a week before his death, Mr. Hill stopped eating food due to his tooth pain," and was "immobile" and in "severe pain during his time at the Jail." *Id.* at ¶¶ 41-42. On January 23, 2024, Mr. Hill was placed on a ventilator for an allergic reaction to Penicillin, and he died of sepsis on January 30, 2024. *Id.* at ¶¶ 33, 38. Taking these allegations as true, the Court finds that Plaintiff has met the objective component of deliberate indifference, requiring a "sufficiently serious" medical need. *See Hardy*, 147 F.4th at 1165 ("Regardless of the actual amount of time in pain caused by the delay [in treatment], Hardy alleged that he displayed signs of extreme pain and suffering that would be obvious to a layperson in Deputy Rabie's position.").

The Court further agrees with the magistrate judge that Plaintiff's Amended Complaint sufficiently alleges the subjective component of Plaintiff's deliberate indifference claim against Defendant Logan. The subjective component "requires a defendant to 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Hardy*, 147 F.4th at 1165. "Deliberate indifference does not always require a direct refusal to give an inmate medical attention." *Id.* "A jail official exhibits deliberate indifference if he 'knows that his role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition, and if he delays

6

or refuses to fulfill that gatekeeper role due to deliberate indifference.'" *Id.* at 1166 (citation omitted).

As stated above, Plaintiff sufficiently alleges that Defendant Logan was personally aware that Mr. Hill "was not eating, was immobile, and was in severe pain" due to his tooth pain in the days leading up to his death, and that Defendant Logan "did nothing to assist Mr. Hill" and "failed to ensure that Mr. Hill received the medical care he … obviously and desperately needed." [Doc. No. 53, at ¶¶ 29, 42-43]. Taking these allegations as true, the Court concludes that Plaintiff has adequately alleged that Defendant Logan was subjectively aware of a serious risk of harm to Mr. Hill and disregarded that risk by failing to take reasonable measures to abate it. *See McCowan v. Morales*, 945 F.3d 1276, 1292 (10th Cir. 2019) (finding subjective component met where the detainee "repeatedly told the officer that he was in excruciating shoulder pain" and the officer "delay[ed] [the detainee's] medical care for approximately two hours until he was sent to the detention center."); *see also Sealock v. Colo.*, 218 F.3d 1205, 1210 n.5 (10th Cir. 2000) (noting that, although the prison official did not cause inmate's heart attack, "there [was] factual evidence from which a jury could conclude that the delay occasioned by his inaction unnecessarily prolonged appellant's pain and suffering"). For these reasons, the Court finds that Plaintiff's Amended Complaint alleges a plausible deliberate indifference claim against Defendant Logan.

In her report, the magistrate judge further concluded that Defendant Logan failed to adequately raise the defense of qualified immunity for Plaintiff's deliberate

indifference claim. The magistrate judge found that Defendant Logan "merely recite[d] the qualified immunity standard, argue[d] that there is no constitutional right to medical care and that as a result, '[he] is entitled to qualified immunity from suit.'" [Doc. No. 139, at 10-11] (citing Doc. No. 69, at 31). In his Objection, Defendant Logan merely reiterates his argument that Plaintiff's Amended Complaint falls short of demonstrating a constitutional violation, and thus Defendant Logan is entitled to qualified immunity. Defendant Logan's Objection is silent as to the magistrate judge's conclusion that he did not adequately raise the defense of qualified immunity in his motion to dismiss. Accordingly, the Court finds that Defendant Logan has not preserved the issue for the Court's review. The Court further agrees with the magistrate judge that Defendant Logan's bare assertion of qualified immunity should be rejected.

Finally, the magistrate judge concluded that Defendant Logan's request for the Court to "decline to apply *Estelle* and its progeny" would require the Court to ignore or outright disobey *Estelle*'s holding that cruel and unusual punishment may stem from "deliberate indifference to serious medical needs of prisoners." [Doc. No. 139, at 6 n.4] (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In his Objection, Defendant Logan maintains that he "was not requesting the Court to overrule *Estelle*," but rather "offer[ed] reasons why *Estelle* should not apply to the case at bar and emphasize[d] that stare decisis alone should not end the analysis." [Doc. No. 140, at 14-15]. Upon consideration, nothing in Defendant Logan's Objection leads the Court to reject the magistrate judge's conclusions as to the applicability of *Estelle* to the case at hand.

For these reasons, the Court **ADOPTS** the Report and Recommendation [Doc. No.

139] in its entirety. Defendant Logan's Motion to Dismiss [Doc. No. 69] is **GRANTED in part** and **DENIED in part**. Plaintiff's due process claim against Defendant Logan based on inhumane conditions of confinement is **dismissed without prejudice**. Plaintiff's deliberate indifference claim against Defendant Logan survives dismissal.

    **IT IS SO ORDERED** this 12th day of January, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge