IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALTON GAGE HILL, Administrator and Personal Representative of the Estate of Jeffery Allen Hill, Deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY et al., )<br><br>Defendants. ) | Case No. CIV-24-1298-D |

## <u>REPORT AND RECOMMENDATION</u>

Before the Court are Defendants Dr. Mark Winchester and Terry Deason, DDS's (Defendants) motions for imposition of civil contempt sanctions, Doc. 158, and Rule 11 sanctions against Plaintiff's counsel, Doc. 166. Plaintiff Dalton Gage Hill has responded to Defendants' motion for civil contempt sanctions, Doc. 161, and Defendants replied, Doc. 162. And the time for Plaintiff to respond to Defendants' motion for Rule 11 sanctions has expired. *See* LCvR 7.1(g). So, both motions, Docs. 158 & 166, are ripe for ruling.[1]

---

[1] Given the overlapping factual allegations in Defendants' motions regarding Plaintiff's counsel's conduct, the undersigned finds it appropriate to address both of Defendants' motions in one Report and Recommendation for judicial efficiency.

For the reasons set forth below, the undersigned recommends moving forward with contempt proceedings against Plaintiff's counsel, Michael D. McBride, and granting Defendants' motion for Rule 11 sanctions, Doc 166, in part.[2]

## I.    Discussion.

### A.    Procedure for contempt sanctions.

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). Similarly, a "court's interest in ensuring a party's compliance with its orders is a great one, enforceable by fines or imprisonment." *Ohlander v. Larson*, 114 F.3d 1531, 1541 (10th Cir. 1997) (citation omitted).

In a matter referred to a magistrate judge under 28 U.S.C. 636(b) in which the magistrate judge believes an act of civil contempt has been committed:

---

[2]    Plaintiff also failed to respond to Defendants' Rule 11 motion. So, it is deemed confessed. *See* LCvR 7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed."). Nonetheless, out of an abundance of caution, the undersigned will address the merits of Defendants' motion to determine whether sanctions are warranted. *See Talece Inc. v. Zhang,* 2021 WL 242913, at *2 (N.D. Cal. Jan. 25, 2021) ("'Rule 11 is an extraordinary remedy, one to be exercised with extreme caution.'" (quoting *Operating Eng'rs Pension Trust v. A-C Co.,* 859 F.2d 1336, 1345 (9th Cir. 1988))).

the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C.A. § 636(e)(6)(B)(iii). In certifying the facts under Section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Bowens v. Atl. Maint. Corp.,* 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008). "If the [magistrate judge] finds [the nonmovant's] explanation to be satisfactory, she may choose not to certify the matter for further proceedings . . . On the other hand, should the [magistrate judge] not be satisfied with [the nonmovant's] explanation, she cannot adjudicate the matter herself, but must follow the certification process of § 636(e)." *In re Kitterman*, 696 F. Supp. 1366, 1370 (D. Nev. 1988); *see also Bowens*, 546 F. Supp. 2d at 71 ("[T]he magistrate judge may conduct a hearing, but the magistrate judge functions only to certify the facts and not to issue any order of contempt.")  (internal quotation and citations omitted).

Upon certification of the facts supporting a finding of contempt, a district court must first hold an evidentiary hearing to make de novo factual determinations, including relevant credibility determinations, before it can

3

impose contempt sanctions. *See Bowens,* 546 F. Supp. 2d at 71 (citing *Taberer v. Armstrong World Indus., Inc.,* 954 F.2d 888, 907-08 (3d Cir. 1992)).

### 1.    Defendants' burden.

In a motion for civil contempt, the moving party—here, Defendants—has the "burden of proving, by clear and convincing evidence, that a valid court order existed, that [counsel] had knowledge of the order, and that [counsel] disobeyed the order." *United States v. Ford,* 514 F.3d 1047, 1051 (10th Cir. 2008) (citation omitted). The first and second requirements do not appear disputed: Mr. McBride recognizes that the Court ordered him to pay reasonable attorneys' fees to Defendants Deason, Winchester, and Bradley Logan, *see* Doc. 143, at 3. He paid Defendant Logan's attorney's fees, *see* Doc. 161, at 4, without issue. So, he neither disputes the validity of the Court's order nor contends he lacked knowledge of the Court's order. The issue therefore is whether Mr. McBride has complied with this Court's orders. And the undersigned determines he has not.

### 2.    Certification of facts.

I hereby find and certify the following facts material to the issue of contempt:

Judge Timothy D. DeGiusti referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 58. Defendants Deason and Winchester seek $875.00 in attorneys' fees incurred for attending the Court's

September 3, 2025 show cause hearing. Doc. 158, at 2 n.1. And these Defendants now seek contempt sanctions against Mr. McBride. *See generally* Doc. 158.

1.    On July 29, 2025, the Court ordered Plaintiff and his counsel, Mr. McBride to appear before the Court to show cause as to why sanctions should not be imposed under Rule 11 and the Court's inherent authority for citing fictitious cases in his response to Defendant Logan's motion to dismiss. *See* Doc. 126.

2.    On September 5, 2025, the undersigned recommended Mr. McBride pay Defendants' reasonable attorneys' fees and costs incurred for attending the Court's show cause hearing. Doc. 134.[3]

3.    On December 4, 2025, Judge DeGiusti adopted the Report and Recommendation. Doc. 143. Judge DeGiusti also ordered Mr. McBride to "disclose in all future pleadings whether generative AI was used, the specific AI tool that was used, and [to] certify in the document that he . . . checked the accuracy of any portion of the document drafted by generative AI, including all citations and legal authority." *Id.* at 3.

---

[3]    For a summary of the pattern of conduct by Mr. McBride that resulted in the September 2025 show cause hearing, see the undersigned's prior Report and Recommendation on the issue, Doc. 134.

4.      On March 3, 2026, the Court ordered the parties to meet and confer and reach an agreement on the amount of attorney fees owed, given an ongoing dispute between counsel McBride and Defendants. *See* Doc. 156; Doc. 158, at 3. The Court advised Defendants that they must file an appropriate motion no later than March 17, 2026, if an agreement was not reached. Doc. 156.

5.      On March 17, 2026, Defendants filed the present contempt motion. Doc. 158.

### 3.      Violations of the Court's Order.

Defendants Deason and Winchester must show by clear and convincing evidence that Mr. McBride disobeyed a court order. Defendants contend Mr. McBride violated the Court's December 4, 2025 order, Doc. 143. In response, Mr. McBride asserts that Defendants violated the December 4, 2025 order as they refused "to negotiate the order for 'reasonable attorney fees.'" Doc. 161, at 4.[4] The Court's March 3, 2026 order directing the parties to meet and confer regarding the attorney fees and to attempt to reach an agreement, s*ee* Doc. 156,

---

[4]      In his response, Plaintiff suggests Defendants' counsel has conducted himself improperly and moves for Rule 11 sanctions against Defendant's counsel. *See* Doc. 161, at 7-9. As Defendants note, Doc. 162, at 6, Plaintiff's request for Rule 11 sanctions in a responsive pleading violates LCvR 7.1(c), and is therefore, improperly raised. LCvR 7.1(c)("A response to a motion may not also include a motion or a cross-motion made by the responding party."). So, the Court does not address Plaintiff's request any further.

suggests the possibility of negotiating the amount of fees owed. And Mr. McBride met and conferred with Defendants as ordered. *See* Doc. 158, at 3.

But the December 4, 2025 order does not give Mr. McBride the option of simply refusing to pay Defendants' attorneys' fees. S*ee* Doc. 143, at 3 ("Mr. McBride . . . ***shall*** pay Defendants' reasonable attorneys' fees and costs incurred for attending the hearing) (emphasis added). And "[w]hile '[t]he failure to meet the strict requirements of an order does not necessarily subject a party to a holding of contempt,' civil contempt 'includes failures in meaningful respects to achieve substantial and diligent compliance.'" *Casale v. Kelly*, 710 F. Supp. 2d 347, 359 (S.D.N.Y. 2010) (quoting *Aspira v. Bd. of Educ.*, 423 F. Supp. 647, 649 (S.D.N.Y. 1976)). "'Reasonable diligence, at the very least, requires a party to develop and execute reasonable methods of compliance'" and "'[i]t need not be established that the violation was willful.'" *Id.*

Three months passed before Defendants filed their motion for contempt sanctions. And Mr. McBride had the opportunity to explain to the Court why he considers the attorneys' fees Defendants incurred unreasonable in his response to Defendants' motion. But he did not. Nor has he indicated what fees would be reasonable. Instead, it appears that Mr. McBride simply refuses to pay Defendants any attorneys' fees. So, the undersigned does not find Mr. McBride's conduct to be demonstrative of reasonable diligence to comply with the Court's December 4, 2025 order.

Even if the Court were to find Mr. McBride's conduct regarding the attorney's fees issue to be non-contemptuous, the Court finds an additional basis for finding Mr. McBride in contempt—his ongoing noncompliance with the artificial intelligence disclosure requirement. *See* Doc. 162, at 1-2. Defendants note that Plaintiff's response fails to "contain the certification required by the Sanctions Order." *Id.* at 1. And the undersigned identifies the following erroneous citations in Petitioner's response:

(1) Plaintiff quotes *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.,* 935 F.2d 1152 (10th Cir. 1991) for the proposition that "Rule 11 should not be used as a litigation tactic or to chill zealous advocacy." Doc. 161, at 2-3. This sentence is nowhere to be found in the Tenth Circuit's opinion.

(2) Plaintiff next cites *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990), for the proposition that "Courts are especially cautious to prevent misuse of sanctions in civil rights litigation." Doc. 161, at 6. As Defendants note, Doc. 162, at 3, *Cooter* is an antitrust case. And although the provided pincite discusses the purposes behind Rule 11, it *does not* support this heightened Rule 11 sanctions standard for civil rights cases.

Perhaps Mr. McBride simply did not read the cited authorities closely,[5] but even if the Court were to grant him that, the Court's generative AI disclosure requirement was designed to prevent the present issue from becoming a recurring issue. But Mr. McBride has made no effort to comply with the requirement in his subsequent filings. For example, the Court struck Plaintiff's second amended complaint, in part, for his failure to include the required AI disclosure. *See* Doc. 165; Doc. 164. And his response to Defendants' contempt motion also includes no AI disclosure. *See* Doc. 161. This repeated failure to follow the Court's order supports a finding of contempt as the Court's prior sanctions have not sufficiently deterred counsel's conduct. S*ee O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) ("Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: '(1) to compel or coerce obedience to a court order . . .; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance[.]'" (quoting *Shuffler v. Heritage Bank,* 720 F.2d 1141, 1147 (9th Cir. 1983))).

### B.    Rule 11 standard.

Rule 11(b) of the Federal Rules of Civil Procedure provides:

---

[5]    Defendants' counsel states he ran Mr. McBride's response through an AI text detection program. *See* Doc. 162, at 3 n.2 (citing Ex. 1). The undersigned makes no findings as to the veracity of the tool used by Defendants' counsel.

> By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

"Rule 11 establishes a standard of objective reasonableness" and "[t]he test for imposition of Rule 11 sanctions is whether counsel's conduct was reasonable under the circumstances of the case." *Est. of Strong v. City of Northglenn,* 2018 WL 6589813, at *2 (D. Colo. Dec. 14, 2018), *adopted,* No. 17-cv-1276-WJM-SKC, Doc. 108 (D. Colo. Jan. 14, 2019). "It does not require a finding of subjective bad faith on the part of the offending attorney." *Id.*

### 1.    Complained-of conduct.

The gist of Defendants' Rule 11 motion is that Mr. McBride violated Rule 11 by filing "several false statements of fact which could or should have been discovered through the exercise of ordinary diligence upon a cursory review of available medical records." Doc. 166, at 2.[6] Specifically, Defendants take issue

---

[6]    Rule 11 imposes certain procedural requirements on parties seeking sanctions. A party must submit the motion for sanctions separately from other motions or requests and specifically describe the conduct that allegedly violates Rule 11(b). The party must serve the motion on the opposing party. If, after 21 days, the offending party does not withdraw the challenged conduct, the party seeking sanctions may file its motion for sanctions with the court. *See* Fed. R.

with allegations in Plaintiff's amended complaint that the decedent's (Jefferey Allen Hill) penicillin allergy was recorded in his medical file. *Id.* at 5.[7] And that Defendant Deason was aware of Mr. Hill's dental infection and examined him at SSM but failed to remove Mr. Hill's infected tooth and "knowingly disregard[ed] the excessive risk an infected tooth can and did pose." Doc. 53, at 7; Doc. 166, at 7-9.

Both allegations are crucial components of Plaintiff's deliberate indifference claim against Defendants. For Defendant Winchester, Plaintiff alleges that the prescription of penicillin in contravention of Mr. Hill's recorded allergy is "additional evidence that Mr. Hill was not receiving proper medication at the Jail, in reckless and deliberate indifference to his known, obvious and substantial medical needs." Doc. 53, at 8. And that Defendant

---

Civ. P. 11(c)(2). In his response to Defendants' contempt motion, Doc. 161, Mr. McBride suggests that Defendants' motion "ignores Rule 11 procedural requirements." *Id.* at 6. Setting aside that Mr. McBride was responding to a contempt motion, the undersigned finds Defendants satisfied Rule 11's procedural requirements. On January 30, 2026, Defendants' counsel sent a letter to Mr. McBride with the Rule 11 motion enclosed therein. Doc. 161, Ex. 1. And again, on March 20, 2026, Defendants sent a letter to Mr. McBride with the repeated Rule 11 allegations. Doc. 161, Ex. 2, at 2-3. Mr. McBride received these letters as he attached them to his response to the contempt motion. *See* Doc. 161, Exs. 1 & 2, at 2-3. The undersigned therefore finds Defendants fully complied with the procedural requirements of Rule 11 prior to filing their motion.

[7]    For a complete recitation of the factual allegations raised in Plaintiff's amended complaint, see the undersigned's Report and Recommendation, denying Defendant Winchester's motion to dismiss. Doc. 155.

11

Deason's failure to remove the infected tooth led to Mr. Hill dying from "sepsis due to an infected tooth." *Id.* at 11.

Defendants point to Mr. Hill's medical records, attached to Defendant Winchester's answer to the amended complaint, as proof that Mr. McBride was aware that Mr. Hill's penicillin allergy was not recorded in his medical file when he filed the amended complaint against Defendants. Doc. 166, at 5; Doc. 128, Ex. 1. The medical records state that "previously [Mr. Hill] listed that he had [no known drug allergies] per his history and medical records available" and that Mr. Hill "had [a] severe allergic reaction after being given penicillin PO on 1/22/2024." Doc. 128, Ex. 1, at 1; *see also id.* at 2-6. Defendants also maintain that "[t]here is no documentation in [Turn Key Health's] records of [Defendant] Deason ever seeing [Mr.] Hill at the Oklahoma County Detention Center or at SSM Health." Doc. 166, at 8.

Rule 11 imposes a duty of candor, which the violation of warrants "sanctions for continuing to advocate a position after learning that it ceases to have merit or is no longer tenable." *Est. of Strong,* 2018 WL 6589813, at *2. While Mr. McBride did not respond to Defendants' Rule 11 motion, Defendants note that on February 5, 2026, Mr. McBride informed Defendants' counsel that he had not received the SSM health records. Doc. 166, Ex. 3. And Turn Key's medical records show that on January 25, 2024, a "dental sick call" requested by Mr. Hill was held and Defendant Deason notes in the call record that Mr.

12

Hill complained of "pain in back right wisdom tooth," and "reports it's 'sawn in half." Doc. 166, Ex. 1, at 9. And the same call notes state that Mr. Hill had a "severe reaction to penicillin" and "had to be hospitalized and while there, had his wisdom tooth removed." *Id.* So, the documentation available to Mr. McBride does show at least some interaction between Mr. Hill and Defendant Deason, and that Defendant Deason had knowledge of the ongoing medical issues regarding Mr. Hill's infected tooth. The undersigned finds Defendants have not met their burden of showing that Mr. McBride violated his duty of candor to the Court regarding his allegations toward Defendant Deason.

On the other hand, the lack of apparent evidentiary support for Plaintiff's contention that Mr. Hill's penicillin allergy was recorded in his medical file is more troubling. Mr. McBride has had access to the medical records since August 6, 2025, when Defendant Winchester answered the amended complaint, s*ee* Doc. 128.[8] And the attached medical records repeatedly state that Mr. Hill had no known drug allergies. Doc. 128, Ex. 1. Mr. McBride did not seek leave to amend the complaint to remove this allegation after Defendant Winchester's answer was filed. Instead, Mr. McBride moved for leave to file a second

---

[8]    Defendants state, "***upon information and belief***, Plaintiff has possessed [the Turn Key medical records] since December 10, 2024, at the latest[.]" Doc. 166, at 5 (emphasis added). Defendants have not put any documentation before the Court supporting their assertion that Mr. McBride has had the Turn Key medical records since December 2024.

13

amended complaint, stating: "Mr. Hill is allergic to penicillin and this allergy is noted in his medical file." Doc. 7, Att. 1, at 7.

Rule 11 instructs attorneys "to 'stop, look, and listen *before* signing a document subject to Rule 11.'" *McNeal v. Zobrist,* 2006 WL 2692816, at *10 (quoting A*damson v. Bowen,* 855 F.2d 668, 673 (10th Cir. 1988)) (emphasis added by *McNeal*). And Mr. McBride ultimately failed to do so. So, "sanctions are necessary to deter future similar conduct." *Id.* (finding Rule 11 sanctions warranted when "plaintiff's counsel was made aware of evidence . . . flatly contradict[ing] material averments in the Third Amended Complaint [and] did not correct any of her filings with the Court").

### 2.    Requested sanctions.

Defendants urge the Court to:

(1) Strike the false allegations in Plaintiff's amended complaint;

(2) Permit them to re-urge their respective motions to dismiss; and

(3) Enter an order directing Mr. McBride to pay Defendants' reasonable attorneys' fees incurred from the inception of the case.

Doc. 166, at 12.

"[I]n determining whether (and what) sanctions are appropriate, a court should consider: '(1) the degree of actual prejudice to the [D]efendant[s]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant,' and (4) whether the court warned the party in advance that dismissal

14

of the action would be a likely sanction for noncompliance.'" *Grady v. Broderson,* 2015 WL 1384371, at \*4 (D. Colo. Mar. 23, 2015) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir. 1992)). "Before a court orders dispositive sanctions, it should also consider the efficacy of lesser sanctions." *Id.*

The undersigned finds it currently unnecessary to strike Plaintiff's allegation that Mr. Hill's penicillin allergy was recorded in his medical file. Likewise, Defendants' request to re-urge their respective motions to dismiss should also be denied. Discovery has not yet closed, and the deadline to file dispositive motions has also not passed. *See* Doc. 155, at 2. Defendant Winchester may address any lack of evidentiary support for the allegations regarding Plaintiff's deliberate indifference claim against him at the summary judgment stage.

And Defendants request for Mr. McBride to pay their attorneys' fees incurred since the inception of the case is excessive. "Rule 11 is not intended to function as a fee-shifting provision or to reward parties who are victimized by litigation." *Est. of Strong,* 2018 WL 6589813, at \*2.

Nonetheless, the undersigned finds that some monetary sanctions are appropriate here, given the costs of litigating the Rule 11 motion and counsel McBride's conduct. Defendant Winchester was prejudiced by having to move forward with this motion to address the apparent lack of evidentiary support for one of Plaintiff's crucial allegations against him. And Mr. McBride's failure

to reasonably investigate and correct the amended complaint interfered with the judicial process as the Court had to devote time and judicial resources in adjudicating Defendants' Rule 11 motion.

As for the culpability of the litigant, Mr. McBride was notified on January 30, 2026, by Defendants' counsel's letter, Doc. 161, Ex. 1, at 2, that the medical records contradicted Plaintiff's claims towards Defendants. Mr. McBride has also had the Turn Key records since August 2025. Yet, Mr. McBride made no effort to amend his pleading or to even respond to the allegations in Defendants' Rule 11 motion. In short, three of the *Ehrenhaus* weigh in favor of issuing sanctions under Rule 11.

As to the fourth *Ehrenhaus* factor, Mr. McBride was not warned that dismissal was a possible sanction. But the undersigned does not find dismissal to be an appropriate sanction, and lesser sanctions are appropriate here. *Grady,* 2015 WL 1384371, at *4.

The undersigned recommends the Court order Mr. McBride to pay Defendant Winchester's attorneys' fees incurred for the costs of litigating the Rule 11 motion.

## II.    Recommendation and notice of right to object.

The undersigned certifies the above facts and recommends that the Court move forward with finding Mr. McBride in contempt of the Court's order, Doc. 143. The undersigned recommends granting Defendants' motion for Rule 11

16

sanctions, Doc. 166, in part, and order Mr. McBride to pay Defendant Winchester's reasonable attorney fees incurred for the filing of the Rule 11 motion.[9]

The undersigned advises Plaintiff and his counsel, Mr. McBride, of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court on or before June 11, 2026. Plaintiff and his counsel are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues and does not terminate the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 21st day of May, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[9]   The Court should require Defendants' counsel to submit to the Court a full accounting of their attorney's fees and costs associated with litigating the Rule 11 motion to the Court.